1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SEYMON LEWIS, JR.,                        No.  2:15-cv-1935 KJN P

12                   Petitioner,

13           v.                                  ORDER

14    FELICIA PONCE, Warden,

15                   Respondent.

16

17    I.  Introduction

18           Petitioner is a federal prisoner, proceeding without counsel.  Both parties consented to

19    proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Petitioner filed a

20    petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he is actually

21    innocent of the traffic citation charge of "unlawful turn . . . within 100 feet."  (ECF No. 1 at 1.)

22    Respondent moves to dismiss on the grounds that petitioner fails to show that he is actually

23    innocent.  Petitioner filed an opposition; respondent did not file a reply.  As set forth below, the

24    court grants the motion to dismiss.

25    II.  Background

26           On November 7, 2008, Oregon police officer Laws observed a light blue Ford Taurus fail

27    to properly signal while executing an abrupt right turn into a parking lot, and initiated a traffic

28    stop by following petitioner into a parking lot.  (ECF No. 11-1 at 3.)  Officer Laws believed

1   petitioner violated Oregon Revised Statute section 811.335 (failure to signal continuously during

2   not less than the last 100 feet traveled before turning). (ECF No. 11-1 at 4.) During the traffic

3   stop, petitioner admitted that he did not have a driver's license. (ECF No. 11-1 at 4-5.) Oregon

4   Police Officer Berne confirmed by record check that petitioner's driver's license was suspended

5   as of June 12, 2004. (ECF No. 11-1 at 5.)

6        Because petitioner's license was suspended, Officer Laws ordered a vehicle tow and

7   inventory search of petitioner's car prior to its impoundment. (ECF No. 11-1 at 5.) During the

8   inventory search, he discovered six individually-wrapped bindles of cocaine base. (ECF No. 11-1

9   at 6.) Officer Berne searched petitioner's wallet and found $452.00 in cash. (ECF No. 11-1 at 4.)

10  Officers cited petitioner for driving after suspension and the turn-signal violation by citation no.

11  z1759905. (ECF No. 1 at 18.) This citation was later dismissed when one of the police officers

12  was unable to appear at a state court hearing. (ECF No. 11-1 at 20.)

13       On December 10, 2008, petitioner was indicted by a federal grand jury on the sole charge

14  of possession with intent to distribute a controlled substance, with a forfeiture allegation. United

15  States v. Lewis, No. 3:08-cr-00539-MO (Dist. Ore.) (ECF No. 1 at 15-16).

16       In September of 2009, petitioner filed a motion to suppress, contending that there was no

17  probable cause for the traffic stop. (ECF No. 11-1 at 32.) Petitioner argued that it was impossible

18  for him to comply with the turn signal law; because he traveled less than 100 feet on the road

19  leading to the parking lot, there was no way for him to signal for 100 feet prior to the turn. (ECF

20  No. 11-1 at 35-37.) On October 6, 2009, the trial court held a suppression hearing. (ECF No. 1 at

21  20.) The trial court noted that there is a "difference between probable cause to believe the offense

22  was committed and the existence of a defense to that crime." (ECF No. 11-1 at 27.) The court

23  explained:

24           Whether you had a defense to that doesn't mean one way or the
             other that the officers did or didn't have probable cause to believe
25           that the offense, the infraction occurred. And so that's my holding
             here, that the officers had probable cause to believe that the traffic
26           infraction happened, and I base that not only on the officers'
             testimony that they saw what they said they saw, but the
27           [petitioner's] own testimony, who candidly admits that he did not
             signal for a hundred feet prior to turning because he couldn't have. .
28           . . (¶) In any event, they had probable cause to believe the

infraction had occurred.  That gave them the right to make the traffic stop and request ID.

(ECF No. 11-1 at 28.)  On October 14, 2009, the grand jury returned a superseding indictment, continuing to charge petitioner with a single count of possession with intent to distribute a controlled substance, with a forfeiture allegation.  (ECF No. 11-1 at 43-44.)  Petitioner proceeded to trial, and, on November 18, 2009, the second day of jury trial, petitioner pled guilty to the superseding indictment pursuant to a plea agreement.  (ECF No. 1 at 2.)  Petitioner waived his right of appeal and to file any collateral attack, including a motion under 28 U.S.C. § 2255, "challenging any aspect of the conviction or sentence on any grounds," with a few exceptions not relevant here.  (ECF No. 11-1 at 48.)

On January 7, 2013, petitioner filed a "Motion to Dismiss the Civil Judgment Z1759905" in the underlying federal criminal action, Case No. CR-08-539-01-MO.  (ECF No. 11-1 at 61.)  Petitioner again argued claims concerning the November 7, 2008 traffic stop.  (ECF No. 11-1 at 61-71.)  On April 9, 2013, the district court denied the motion by text order.  Case No. CR-08-539-01-MO (ECF No. 88).  On April 25, 2013, petitioner sought clarification.  Id. (ECF No. 90).  On April 30, 2013, the district court denied the motion for clarification by text order.  Id. (ECF No. 93).  Petitioner filed an appeal.  On June 6, 2013, the district court issued the following text order:

> Defendant Seymon Lewis, Jr., filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 on 11/15/2012.  The Court denied that motion on 12/17/2012.  Then, on 1/7/2013, defendant filed a motion to dismiss [78] the final criminal judgment against him pursuant to Federal Rule of Civil Procedure 60(b)(4).  I denied [88] that motion because Federal Rule of Civil Procedure 60(b) does not apply to criminal proceedings, and it does not provide defendant with a viable avenue of relief from his final judgment.

Case No. CR-08-539-01-MO (ECF No. 96).  Petitioner's appeal was dismissed.  Id. (ECF No. 99).

III.  Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court. . . ." Rule 4 of the Rules Governing Section 2254 Cases.[1]  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).

IV.  Application of the Savings Clause

Generally, a federal prisoner who seeks to challenge the legality of confinement must rely on a motion under 28 U.S.C. § 2255.  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007).  Thus, jurisdiction does not lie under § 2241 unless petitioner qualifies for the sole exception to the rule that § 2241 does not permit challenges to a criminal judgment.  A federal prisoner may contest the legality of his conviction or sentence in a § 2241 petition only where his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); Stephens, 464 F.3d at 897.  This exception is known as the § 2255 "escape hatch." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  It is a narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 540 U.S. 1051 (2003).

Section 2255's remedy is not "inadequate or ineffective" merely because of that statute's gatekeeping provisions. Ivy, 328 F.3d at 1059.  A § 2241 petition is available pursuant to the "escape hatch" only where a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.  Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060).  Both requirements must be satisfied.

V.  Discussion

Petitioner's attempt to seek redress by way of a petition for writ of habeas corpus under § 2241 is fatally flawed based on his failure to show that he is actually innocent of the crime of

---

[1]  Rules Governing Section 2254 Cases may be applied to other petitions for writ of habeas corpus at the Court's discretion.  See, id., Rule 1; Fed. R. Civ. P 81(a)(4).

4

1  conviction, and did not have an unobstructed procedural opportunity to present his claim of

2  innocence.

3      "'Actual innocence' means factual innocence, not merely legal insufficiency." Bousley v.

4  United States, 523 U.S. 614, 623-624, 118 S. Ct. 1604 (1998). To meet this test, the petitioner

5  must show that in light of new and reliable evidence not present at trial, "it is more likely than not

6  that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup

7  v. Delo, 513 U.S. 298, 327 (1995). See also House v. Bell, 547 U.S. 518, 536-39 (2006)

8  (prisoner must demonstrate that more likely than not, any reasonable juror would have reasonable

9  doubt).

10     Here, petitioner only challenges the facts underlying the traffic citation. Petitioner

11 appears to contend that because his car traveled only 65 feet, 5 inches, rather than 100 feet, he is

12 actually innocent of the traffic offense of failing to use his turn signal for 100 feet prior to turning.

13 However, as argued by respondent, petitioner was not convicted for this traffic offense, and

14 therefore his claim of actual innocence is unavailing. Here, petitioner is confined based on his

15 guilty plea to possession of cocaine with the intent to distribute. In order to avail himself of a

16 claim of actual innocence, he must allege facts showing he is factually innocent of the drug

17 possession charge. Petitioner has not done so.

18     Moreover, petitioner fails to demonstrate that he did not have an "unobstructed procedural

19 shot" at presenting the instant claim. The two factors to consider when assessing whether

20 petitioner had an unobstructed procedural opportunity to present his claim of innocence are:  (1)

21 whether the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal

22 and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant

23 way after the conclusion of the petitioner's first § 2255 motion. Harrison v. Ollison, 519 F.3d

24 952, 960 (9th Cir. 2008).

25     As his motion to suppress demonstrates, petitioner was aware of the instant claims prior to

26 his underlying criminal trial. Petitioner does not show that a relevant change in the law occurred

27 after December 17, 2012, when his § 2255 motion was denied, or that the legal basis for

28 petitioner's instant actual innocence claim arose after his direct appeal and § 2255 were decided.

1    Thus, because petitioner does not qualify for the escape hatch, this court lacks jurisdiction

2  under § 2241 to entertain the petition, and this action must be dismissed.  See Stephens, 464 F.3d

3  at 899 (affirming dismissal for lack of jurisdiction where § 2241 petition challenged legality of

4  conviction and sentence, and "escape hatch" exception to § 2255 did not apply).[2]

5  VI.  Conclusion

6    Accordingly, IT IS HEREBY ORDERED that:

7    1.  Respondent's motion to dismiss (ECF No. 11) is granted; and

8    2.  This action is dismissed for lack of jurisdiction.

9  Dated:  March 30, 2016

10

11  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

12

13  /lewi1935.mtd.2241

---

27  [2]  A certificate of appealability is not required for an appeal from the denial of a petition for writ
    of habeas corpus brought pursuant to 28 U.S.C. § 2241.  See 28 U.S.C. § 2253; Harrison, 519
28  F.3d at 952.