UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYMON LEWIS, JR., | No. 2:15-cv-1935 KJN P |
| Petitioner, | |
| v. | ORDER |
| FELICIA PONCE, | |
| Respondent. | |

Petitioner is a federal prisoner, proceeding pro se, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Both parties consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  On March 30, 2016, the undersigned dismissed this action for lack of jurisdiction.  On April 18, 2016, petitioner filed a document styled, "Objections to Magistrate's Proposed Findings and Recommendations."  (ECF No. 16.)  However, because petitioner consented to the jurisdiction of the undersigned, the court construes the filing as a motion for reconsideration of the court's March 30, 2016 order.  Upon reconsideration, as set forth below, the order of dismissal is affirmed.

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the Court, FritoLay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party

1

seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." Id.  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In his motion for reconsideration, petitioner argues that he is entitled to consideration on the merits based on his claim of "actual innocence."  Petitioner again argues the facts underlying the traffic citation in Oregon, but notes that the state was unable to proceed on this claim because the "defense motion for dismissal [was] granted."  (ECF No. 16 at 7.)  Petitioner renews his claim that because the traffic stop was illegal, no inventory search was justified, and therefore the contraband discovered was tainted and must be excluded.  (ECF No. 16 at 9.)  Petitioner contends that the "escape hatch" exception applies because he has not had an "unobstructed procedural shot" at presenting his actual innocence claim.

## Discussion

As petitioner was previously informed, "actual innocence" is defined as "factual innocence" not innocence based on "legal insufficiency." (ECF no. 14 at 5, quoting Bousley v. United States, 523 U.S. 614, 623-624, 118 S. Ct. 1604 (1998).  Petitioner was required to

2

demonstrate that he was actually innocent of possession of cocaine with the intent to distribute, as well as show that he did not have an "unobstructed procedural shot" at presenting the instant claim. Petitioner does not argue that he is "factually innocent" of the drug possession charge, to which he pled guilty, but rather claims that the search of the car was legally insufficient because the underlying traffic citation was dismissed. Petitioner was aware of the instant claims as demonstrated by the motion to suppress filed and resolved prior to his guilty plea, and he cites no relevant changes in the law in his request for reconsideration.

Therefore, upon reconsideration, the March 30, 2016 order of dismissal is affirmed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's objections (ECF No. 16) are construed as a motion for reconsideration; and

2. Upon reconsideration, the March 30, 2016 order is affirmed.

Dated:  April 22, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lewi1935.rec